IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 17-cv-01638-RBJ

GARY R. BUTLER, an individual,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DOUGLAS, a local government entity; and
TONY G. SPURLOCK, Sheriff, Douglas County, State of Colorado, in his official and individual capacity,

    Defendants.

---

ORDER

---

This matter is before the Court on defendants Board of County Commissioners of the County of Douglas's and Tony G. Spurlock's partial motion to dismiss plaintiff Gary R. Butler's complaint. ECF No. 12. Mr. Butler has subsequently filed a motion for a voluntary dismissal of specific claims and defendants. After considering these motions, I GRANT Mr. Butler's voluntary dismissal motion and defendants' partial motion to dismiss claims two through four of Mr. Butler's complaint.

## I. BACKGROUND

Mr. Butler worked as a deputy sheriff and later as sergeant in the Douglas County Sheriff's Office ("Sheriff's Office") from 1991 until July 10, 2015.[1] ECF No. 1 at 3. During this 24-year career, Mr. Butler had an exemplary record without any disciplinary issues. *Id.*

---

[1] The facts in this section are incorporated from Mr. Butler's complaint, ECF No. 1, and defendants' answer, ECF No. 11, and they are construed as true for the purposes of this partial motion to dismiss.

1

Prior to his career with the Sheriff's Office, however, Mr. Butler was convicted of felony manslaughter in Utah in 1975. *Id.* at 4. In 1988, a Utah District Court judicially pardoned Mr. Butler for the homicide conviction. *Id.* In the pardon order, the Utah Court noted that Mr. Butler "may hereafter respond to any inquiries relating to conviction of crimes as though they never occurred." *Id.* The pardon also stated that Mr. Butler's criminal records were sealed and could only be inspected "by the request of Mr. Butler and upon order of the court." *Id.*

Following the dictates of this judicial pardon, Mr. Butler did not disclose the homicide conviction when he applied for a job with the Sheriff's Office in 1991. *Id.* He eventually discussed the conviction with then-Douglas County Undersheriff, David Weaver, in 2003. *Id.* at 6. Undersheriff Weaver was apparently unbothered by this revelation, reportedly saying that "you have more than proven yourself to me" and taking no further action regarding this information. *Id.* Indeed, Mr. Butler continued to receive raises and positive performance evaluations after making this disclosure. *Id.*

Eventually Undersheriff Weaver became Sheriff and then was elected to the Board of County Commissioners ("the County Board"), leaving the Sheriff position vacant. *Id.* at 7. Defendant Tony Spurlock became the new Sheriff in 2014. While it is unclear from the briefing how Sheriff Spurlock came to know of Mr. Butler's conviction, in July 2015 Sheriff Spurlock approached Mr. Butler regarding the Utah conviction. *Id.* Mr. Butler told him about the judicial pardon and the provision therein stating that Mr. Butler need not disclose the conviction when asked about his criminal record, and Mr. Butler also noted that he told now-Commissioner Weaver about the conviction over ten years prior. *Id.* Unsatisfied with Mr. Butler's explanation, Sheriff Spurlock and the Sheriff's Office apparently proposed to Mr. Butler that if he agreed to

2

retire voluntarily there would be no further investigation into the conviction, and that the matter would not become public. *Id.* at 8. Mr. Butler accepted that offer. *Id.*

However, Mr. Butler asserts that when he attempted to retire, the County Board refused to let him do so. *Id.* Instead, Sheriff Spurlock terminated Mr. Butler on July 10, 2015 via a termination letter. Upon receiving the termination letter, Mr. Butler reached out to the Sheriff's Office and Sheriff Spurlock on two occasions requesting a hearing regarding the decision to terminate him. *Id.* at 8. Both requests for a hearing were denied. *Id.* Sheriff Spurlock then went on a media tour of sorts, speaking on at least two news stations and stating that "[Mr. Butler] committed a felony. He committed a heinous crime, in my opinion. He should have disclosed that information to us when he was applying." *Id.* at 9 (quoting statements made by Sheriff Spurlock in an August 11, 2015 interview with CBS Channel 4). Sheriff Spurlock also sent a written memorandum concerning Mr. Butler's termination to the hundreds of individuals employed by and/or associated with the Sheriff's Office and the County. *Id.* He did not mention the fact that Mr. Butler had been judicially pardoned in the interviews or in the memorandum. *Id.*

Despite being 66 years old at the time he was terminated, Mr. Butler was able to find a new job within a month of his termination. *Id.* at 8, 10. However, Mr. Butler asserts that after Sheriff Spurlock spoke on the news and publicized information regarding Mr. Butler's conviction without also noting the judicial pardon, Mr. Butler was discharged from his new job. *Id.* at 10. Mr. Butler also asserts that he lost two other employment opportunities based upon Sheriff Spurlock's public statements. *Id.*

Mr. Butler filed this suit on July 16, 2017 asserting four claims against Mr. Spurlock in his individual and official capacity as representative of the Sheriff's Office, as well as against the

3

County Board.  ECF No. 1.  Mr. Butler first claims that the County Board and Mr. Spurlock, in his official and individual capacities, violated his Due Process rights with regard to his liberty interest in his reputation and continued employment.  *Id.* at 10–14.  Second, Mr. Butler asserts a Due Process claim regarding his property interest in his continued employment with the Sheriff's Office, again against the County Board and Mr. Spurlock in his official and individual capacities.  *Id.* at 14–16.  Third, Mr. Butler asserts a claim of promissory estoppel against the County Board and Mr. Spurlock in his official capacity for terminating Mr. Butler in 2015 despite defendants' being on "constructive notice" of his pardoned conviction since 2003 when he told then Undersheriff, now Commissioner Weaver.  *Id.* at 16–18.  Finally, Mr. Butler asserts a claim of promissory estoppel against the County Board and Mr. Spurlock in his official capacity for allegedly reneging on their promise to let him retire and to keep the conviction private.  *Id.* at 18–20.

On August 22, 2017 Defendants filed an answer and a partial motion to dismiss.  ECF Nos. 11, 12.  Defendants seek to dismiss claims two through four of the complaint, and to entirely dismiss the County Board as a defendant in this matter.  ECF No. 12.  On September 29, 2017 Mr. Butler filed an unopposed motion for voluntary dismissal of several claims.  ECF No. 20.  In particular, he moves to dismiss the County Board as a defendant on all claims and to dismiss claims two and three in their entireties.  As such, under the terms of Mr. Butler's voluntary dismissal motion, only claims one (against Mr. Spurlock in his individual and official capacity) and four (against Mr. Spurlock in his official capacity alone) of Mr. Butler's complaint remain in this case.

Because defendants' partial motion to dismiss, ECF No. 12, does not seek dismissal of Mr. Butler's first claim for relief at this stage, the only live issue before this Court is whether claim four against Mr. Spurlock in his official capacity should be dismissed.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true, *Iqbal*, 556 U.S. at 681.  However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard.  *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

## III. ANALYSIS

As noted, the only contested claim at this stage is Mr. Butler's fourth claim for relief against Sheriff Spurlock in his official capacity.  *See* ECF No. 1 at 18–20 ("Doctrine of Promissory Estoppel-Re: Right to Retire and Privacy").  In this claim, Mr. Butler asserts that Sheriff Spurlock proposed that in exchange for Mr. Butler voluntarily retiring, there would be no further investigation into his conviction by the Sheriff's Office and the matter would not become public in any manner.  *Id.* at 19.  Mr. Butler accepted Sheriff Spurlock's offer and attempted to retire, but was told he was not allowed to retire.  *Id.*  Mr. Butler asserts that the Sheriff's Office

5

breached a promise "by refusing to permit Mr. Butler to retire and . . . communicating into the public domain[] allegations of the Utah matter and Mr. Butler's conduct in the employment application process with the Sheriff's Office." *Id.* Mr. Butler argues that he has suffered personal and professional damage due to this promise being broken and the information regarding his conviction becoming public. *Id.* Specifically, Mr. Butler notes that he lost three employment opportunities due to Sheriff Spurlock's breach of his promise that Mr. Butler could retire and the matter would not become public. *Id.*

To successfully plead a claim for promissory estoppel, a plaintiff must show that (1) the promisor made a promise to the promisee; (2) the promisor should reasonably have expected that the promise would induce action or forbearance by the promisee; (3) the promisee in fact reasonably relied on the promise to his or her detriment; and (4) the promise must be enforced to prevent injustice. *Braddock Fin. Corp. v. Washington Mut. Bank*, 637 F. Supp. 2d 924, 933 (D. Colo. 2009). Sheriff Spurlock makes two arguments as to why Mr. Butler has failed to state a claim for promissory estoppel against the Sheriff's Office. ECF No. 12 at 13. First, Sheriff Spurlock argues that Mr. Butler failed to plead that Sheriff Spurlock made a "promise." To support this argument, Sheriff Spurlock notes that throughout Mr. Butler's complaint, Mr. Butler characterizes Sheriff Spurlock's proposal that Mr. Butler retire as an "offer" rather than a "promise." *See* ECF No. 1 at 8, 19. While that is true, I note that elsewhere in the complaint Mr. Butler refers to the proposal as a "promise." *See id.* at 19 ("Defendants breached their *promises*"; "The *promises* created by the Defendant's actions") (emphasis added). Further, putting semantics aside, I find that Sheriff Spurlock's statement to Mr. Butler regarding the opportunity to retire could be reasonably construed as having promissory intent. Therefore, I

6

find that Mr. Butler sufficiently pled that a promise was made and thus satisfies the first element of a promissory estoppel claim.

However, I agree with Sheriff Spurlock's assertion that Mr. Butler failed to plead that he relied on Sheriff Spurlock's promise to his detriment. ECF No. 12 at 14; *see Braddock Fin. Corp.*, 637 F. Supp. 2d at 933 (D. Colo. 2009) (a plaintiff asserting a claim for promissory estoppel must show that he or she reasonably relied on the promise to his or her detriment). Mr. Butler's only discussion of this element comes in the form of his conclusive statement that he "relied to his detriment on the Defendants' proposal . . . ." ECF No. 1 at 19. He does not provide any additional argument concerning the manner in which he relied on the promise or the detriment that he suffered in doing so.[2] *Id.* As such, Mr. Butler fails to state a claim for relief. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

However, because the gist of defendant's motion concerns a shortcoming in the complaint as pled, the Court grants the motion to dismiss the Fourth Claim but also grants the plaintiff leave to amend. He may attempt, if he wishes, in an amended complaint to state facts that would state a plausible promissory estoppel claim.

## ORDER

For the aforementioned reasons, I therefore GRANT Defendant's Partial Motion to Dismiss, ECF No. 12. Plaintiff's Second and Third Claims have been withdrawn and are

---

[2] While I note that Mr. Butler provides arguments with regard to this element in his Response to Defendants' Partial Motion to Dismiss, *see* ECF No. 24 at 8–10, courts generally do not consider arguments that are raised for the first time in a response to a dispositive motion. *Montoya v. Newman*, 115 F. Supp. 3d 1263, 1276 (D. Colo. 2015) (referencing *Lawmaster v. Ward*, 125 F.3d 1341, 1346 (10th Cir. 1997). I find no compelling reason to do so here.

7

dismissed with prejudice.  Plaintiff's Fourth Claim is dismissed without prejudice and with leave to amend.

DATED this 26th day of March, 2018.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge