UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-01638-RBJ

GARY R. BUTLER,
an individual,

    Plaintiff.

v.

TONY G. SPURLOCK, SHERIFF, DOUGLAS COUNTY, STATE OF COLORADO,
in his official and individual capacity,

    Defendants.

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, **TONY G. SPURLOCK**, by his attorneys, **SENTER GOLDFARB & RICE, LLC**, and pursuant to Fed.R.Civ.P. 8 and 12, hereby answers and responds to Plaintiff's First Amended Complaint as follows:

### ANSWER TO ALLEGATIONS

1. Defendant is without sufficient information and knowledge to enable him to form a belief as to the veracity of the allegations contained in paragraphs 1, 15, 16, 17, 19, 20, 21, 22, 26, 56, 57, and 77 of the First Amended Complaint and, as a result, denies same.

2. Defendant denies the allegations contained in paragraphs 12, 13, 14, 34, 38, 39, 40, 41, 46, 53, 54, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, and 91 of the First Amended Complaint.

3. Defendant admits the allegations contained in paragraph 35 of the First Amended Complaint.

4. With respect to the allegations in paragraphs 2, 3, 4, and 5 of the First Amended Complaint, Defendant admits that he is the Sheriff of Douglas County, that one of his duties as Sheriff is to operate the Sheriff's Office of that County, and that the principal office of the Sheriff's Office is located in Castle Rock, Colorado; however, Defendant denies all other allegations contained in said paragraphs.

5. With respect to the allegations contained in paragraph 6 of the First Amended Complaint, Defendant admits that this Court has subject matter jurisdiction over the first claim for relief; however, Defendant denies all other allegations contained in said paragraph.

6. With respect to the allegations contained in paragraphs 7 and 8 of the First Amended Complaint, Defendant admits that venue is proper in this Court; however, Defendant denies all other allegations contained in said paragraphs.

7. With respect to the allegations contained in paragraphs 9, 18, and 23 of the First Amended Complaint, Defendant admits that Plaintiff was hired as a reserve deputy in 1991, became a full-time deputy effective February 21, 1996, and was terminated from that employment on July 10, 2015; however, Defendant denies all other allegations contained in said paragraphs.

8. With respect to the allegations contained in paragraphs 10 and 33 of the First Amended Complaint, Defendant admits that through Plaintiff's employment as a sheriff's deputy, Plaintiff received written performance evaluations and that the nature and character of Plaintiff's service is self-evident in those evaluations; however, Defendant denies all other allegations contained in said paragraph.

9. With respect to the allegations contained in paragraph 11 of the First Amended Complaint, Defendant admits that he terminated Plaintiff from his employment as a sheriff's deputy on July 10, 2015 and that Plaintiff was 66 years of age at the time of his termination; however, Defendant denies all other allegations contained in said paragraph.

10. With respect to the allegations contained in paragraph 24 of the First Amended Complaint, Defendant admits that Plaintiff was promoted to the rank of sergeant effective January 14, 2003; however, Defendant denies all other allegations contained in said paragraph.

11. With respect to the allegations contained in paragraph 25 of the First Amended Complaint, Defendant admits that at one time Plaintiff managed the Deputy Sheriff's Association; however, Defendant denies all other allegations contained in said paragraph.

12. With respect to the allegations contained in paragraph 27 of the First Amended Complaint, Defendant admits that Weaver served as Sheriff from summer 2005 through June 2014 when Defendant Spurlock succeeded him as Sheriff; however, Defendant denies all other allegations contained in said paragraph.

13. With respect to the allegations contained in paragraphs 28, 29, 30, 31, and 32, Defendant admits that before Weaver became Undersheriff, Plaintiff told Weaver that he had been involved in a self-defense incident in Utah, had served some jail time, and had been pardoned for his crime; however, Defendant denies all other allegations contained in said paragraph.

14. With respect to the allegations contained in paragraph 36 of the First Amended Complaint, Defendant admits that in July 2015, the Sheriff's Office commenced an internal affairs investigation involving Plaintiff and that Plaintiff was interviewed as part of that investigation; however, Defendant denies all other allegations contained in said paragraph.

15. With respect to the allegations contained in paragraph 37 of the First Amended Complaint, Defendant admits that Plaintiff's internal affairs interview was recorded and that any statements made by Plaintiff are self-evident in that recording; however, Defendant denies all other allegations contained in said paragraph.

16. With respect to the allegations contained in paragraph 42 of the First Amended Complaint, Defendant admits that he terminated Plaintiff's employment as a deputy sheriff effective July 10, 2015, that Plaintiff was provided a written letter confirming that termination, and that Plaintiff was 66 years of age at the time of his termination; however, Defendant denies all other allegations contained in said paragraph.

17. With respect to the allegations contained in paragraphs 43, 44, and 45 of the First Amended Complaint, Defendant admits that Plaintiff asked Captain McMahon and Audra Garton-Norvell if he could meet with Defendant; however, Defendant denies all other allegations contained in said paragraphs.

18. With respect to the allegations contained in paragraphs 47 and 48 of the First Amended Complaint, Defendant admits that statements he made to the news media regarding Plaintiff's termination are matters of record and the content of those statements is self-evident; however, Defendant denies all other allegations contained in said paragraph.

19. With respect to the allegations contained in paragraphs 49, 50, 51, and 52 of the First Amended Complaint, Defendant admits that he sent an email to Sheriff's Office personnel concerning Plaintiff's termination and the content of that email is self-evident; however, Defendant denies all other allegations contained in said paragraphs.

20. With respect to the allegations contained in paragraph 58 of the First Amended Complaint, Defendant admits that this paragraph paraphrases part of the text of Amendment XIV to the Constitution of the United States of America; however, Defendant denies all other allegations contained in said paragraph.

21. Defendant hereby incorporates the responses to those paragraphs that are re-alleged in paragraphs 55 and 76 of the First Amended Complaint.

22. Defendant denies all allegations not otherwise expressly admitted herein.

## DEFENSES

1. Plaintiff's First Amended Complaint fails, at least in part, to state a claim upon which relief can be granted against Defendant.

2. Defendant is immune from Plaintiff's claims based upon the doctrines of sovereign, absolute, and qualified immunity.

3. Defendant's actions were at all times subject to legal privilege.

4. Plaintiff's claim for promissory estoppel is subject to all equitable defenses.

5. Plaintiff has failed to reasonably mitigate his alleged damages.

6. Defendant reserves the right to add any additional defenses as become apparent upon disclosure and discovery.

## REQUEST FOR RELIEF

**WHEREFORE**, having fully answered Plaintiff's First Amended Complaint, Defendant requests that the Court grant relief as follows:

    A. Dismissing Plaintiff's First Amended Complaint with prejudice;

B. Entering judgment in favor of Defendant and against Plaintiff for attorney fees and costs; and

C. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

DEFENDANT HEREBY DEMANDS TRIAL TO A JURY OF SIX OR MORE PERSON ON ALL ISSUES JOINED HEREIN.

Respectfully submitted,

By    /s/ Thomas S. Rice
***Thomas S. Rice***
Senter Goldfarb & Rice, LLC
3900 E. Mexico Ave., Ste. 700
Denver, Colorado 80210
Telephone: (303) 320-0509
Facsimile: (303) 320-0210
E-mail: trice@sgrllc.com

*Attorneys for Defendant Tony G. Spurlock*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of May, 2018, I electronically filed a true and exact copy of the above and foregoing **ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Steven L. Murray
Murray Law, LLC
1888 Sherman Street, Suite 200
Denver, CO 80203
*Attorney for Plaintiff Gary R. Butler*

/s/ Tammy Stephenson
Legal Secretary to Thomas S. Rice
E-Mail: tstephenson@sgrllc.com